

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-79,465-01

### EX PARTE AL LETROY SMITH, Applicant

### v.

### THE STATE OF TEXAS

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 43,698-01-A IN THE 47TH DISTRICT COURT
### POTTER COUNTY

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

As I have discussed before, I thought instituting laches for writs of habeas corpus was unfair and had no legal basis. *Perez v. State*, 398 S.W.3d 206, 219-20 (Tex. Crim. App. 2013) (Meyers, J., dissenting). Laches was instituted as an equitable doctrine meant to prevent the supposed hardship that the State might encounter in retrying an applicant if relief were obtained. *See* BLACK'S LAW DICTIONARY 1006 (10th ed. 2014). *Perez*, however, turned it into an instrument to allow the State to prevent applicants from obtaining habeas hearings,

and ultimately, relief.

The majority in the present case further handicapped applicants by allowing *sua sponte* consideration of laches without requiring the State to even argue that the doctrine should be employed. Even though the State in this case did not assert that it needed laches to prevent a hardship in retrial, the majority referred the case back to the trial judge to make findings on Applicant's reason for delay. From my reading of the majority opinion, it does not seem that the judge's findings were based on anything other than the applicant's statement of his understanding of his ability to file a writ. It is not based on any analysis of prejudice the State may encounter in retrying the case. Therefore, I cannot agree with the conclusion that Applicant should be laches-barred.

The majority's action today is not only unfair, it is straight out mean. It is discouraging to see how this court is continually moving toward limiting defendants' rights that are both statutorily and constitutionally guaranteed.

Because I believe that laches should not have been considered in Applicant's case and that we should have heard his application for a writ of habeas corpus, I respectfully dissent.

Meyers, J.

Filed: June 24, 2015

Publish